## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLARENCE MADISON TYLER, | ) |
| | ) |
| **Plaintiff,** | ) Case No.: CIV-19-1102-F |
| | ) |
| | ) |
| | ) |
| UNITED STATES OF AMERICA; and Sgt. Hicks; | ) |
| Matthew Vroenen; Capt. Williams; Edwin Compton; | ) |
| Cpt. Patten; John Doe 1 and/or John Doe 2 | ) |
| VA Police Officers, Individually. | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

**COMES NOW,** the Plaintiff, Clarence Madison Tyler, and for his causes of action against the Defendant, the United States of America, and Individually named Defendants, as captioned above, alleges and states as follows:

### I.    JURISDICTION AND VENUE

1.    This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et seq*. (the "FTCA"), and jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1346(b), under which federal district courts are vested with exclusive subject matter jurisdiction of civil actions against the United States, for personal injury caused by the negligent or wrongful acts or omissions of any employee of the United States, while acting within the scope of his or her office or employment, under circumstances where the United States, if a private person, would be liable to the plaintiffs in accordance with the law of the place where the

1

pertinent act(s) or omission(s) occurred (in this circumstance, the State of Oklahoma.)

2.      Venue is proper in the Western District of Oklahoma, pursuant to 28 U.S.C. § 1391(a)(1), as well as 28 U.S.C. §§ 1391(e)(l), in that the United States of America is a defendant in this action, and a substantial part of the events or omissions giving rise to the claims asserted herein occurred within the jurisdictional territorial limits of this Court.

3.      Plaintiff Clarence Madison Tyler is a resident of Oklahoma County, Oklahoma.

4.      On information and belief, Individual Defendants are all residents of Oklahoma County, Oklahoma.

5.      Defendant, United States of America, may be served with process by serving Jeff Sessions, Attorney General of the United States, Department of Justice, Washington, 950 Pennsylvania Avenue, NW, D.C. 20530, and serving Timothy J. Downing, U.S. Attorney for the Western District of Oklahoma, 210 W. Park Ave., Suite 400, Oklahoma City, Oklahoma 73102.

6.      Defendant, United States of America, is being sued in this cause for actions and/or omissions committed by employees of its agency, the VA.

7.      Pursuant to the requirements of 28 U.S.C. §2675(a), Plaintiff filed administrative claims on Standard Forms 95 with the United States Department of Veteran Affairs, VA Medical Center on February 1, 2019. A plaintiff  bringing a claim against the United States under the FTCA must first present the claim to the

2

appropriate federal agency and await the agency's approval or denial of the claim. The claim was deemed denied on August 1, 2019, pursuant to 28 U.S.C.§2401(b) and 28 U.S.C.§2675 (a). Therefore, this Court has jurisdiction over the FTCA action as the Plaintiff has met the statutory requirements.

8.    At all times referred to herein, Sgt. Hicks; Matthew Vroenen; Capt. Williams; Edwin Compton; Cpt. Patten; John Doe 1 and/or John Doe 2 VA Police Officers, (collectively, "VA Police Officers") (a) were police officers of the Department of Veteran's Affairs Police Department, and were acting in the course of and within the scope of their employment by the VA, and (b) were law enforcement officers, for purposes of the FTCA, in that they were empowered by law (specifically, 38 U.S.C. § 902(A)(2)) to make arrests for violations of federal law.

**FACTS COMMON TO ALL COUNTS**

9.    Plaintiff hereby adopts by reference paragraphs one through eight (8) above.

10.    Clarence Madison Tyler (hereinafter "Plaintiff") is a service - connected member of the Armed Forces with a history of thirty one (31) years of service.

11.    On May 8, 2018, Plaintiff was visiting the Oklahoma City Veteran Affairs Health Care System (hereinafter "VA Hospital") regarding his medical condition as a Cancer patient and survivor.

12.    While walking down the hallway Plaintiff observed a Black male,

Ronald Eugene Moore (hereinafter "VA Patient"), being transported on a gurney by multiple VA Hospital Police Officers.

13.     The VA Police Officers pushed the gurney into an elevator, while Plaintiff observed the officers using unreasonable physical force upon the patient, causing the VA Patient to scream "help, they are trying to kill me."

14.     Plaintiff also observed a very large officer positioning himself atop the gurney and pressing his knee into the body of the patient, causing the patient to scream in pain and for help.

15.     In a very non-aggressive manner, Plaintiff verbally plead with the VA Police Officers to stop abusing the VA Patient. Plaintiff then pressed the elevator button on the outside of the elevator to open the elevator door.

16.     Suddenly, one of the VA Police Officers stormed out of the elevator, grabbed Plaintiff, and forcefully pushed him into a nearby stairwell. The Officer was visibly large and easily dominated Plaintiff in both weight and height.  After the onset of the initial attack,  the other VA Police Officers followed.

17.     While in the stairwell, the VA Police Officers choked Plaintiff's neck, and slammed him on the ground. During the abuse, Defendant's agent(s), VA Police Officers,  pulled Plaintiff's Chemotherapy Port out of his chest. Plaintiff also suffered from other injuries to his body, including his neck, knees and back, as a result of Defendant's unlawful acts.

18.     Video footage shows that during this time, the VA Police Officers had a person, or officer, stand outside of the stairwell to cover for them while they

4

physically beat Plaintiff.  It was not until a passerby came down the stairs that the VA Police Officers stopped the abuse.

19. Physically and emotionally distraught, Plaintiff was then detained and escorted to a holding tank where he remained for several hours without medical attention.

20. Upon his release,  Plaintiff sought legal counsel to vindicate his rights. That is, on May 10, 2018, Plaintiff's attorney forwarded a letter to the Director, Wade Vlosich, and the Acting Police Chief, David Castoe, requesting that the video coverage of the incident be preserved. Counsel also provided them notice that Plaintiff would be pursuing legal action for the unlawful attack.

21. Not long thereafter, Plaintiff received an "undated" letter from William E. Farrior, an Assistant U.S. Attorney, stating that the U.S. Department of Justice "intends to pursue a case against you [Plaintiff]."

22. Accordingly, on October 2, 2018, Plaintiff was falsely charged with a crime. It was alleged that Plaintiff committed the acts to "…forcibly and intentionally assault, resist, oppose, impede, intimidate, and interfere with a federal officer and employee who was then engaged in and on account of the performance of his official duty", in violation of 18 U.S.C. §111 (a) (1).

23. In attempts to cover their misconduct, the VA Police Officers falsely stated in their official reports that Plaintiff tried to grab an officer's gun belt, and that Plaintiff was combative. Video coverage of the incident shows facts to the contrary.

24.    Defendant and/or its agents knew that its reasons for bringing criminal charges against Plaintiff lacked probable cause and was not in order to bring him to justice, but was motivated by their own malice after receiving notice from Plaintiff's attorney that he would be filing a lawsuit against them.

25.    On December 5, 2018, Plaintiff was tried before a Jury on the criminal charges and was found Not Guilty, was acquitted, discharged, and his bond exonerated.

### [FIRST CAUSE OF ACTION]
### EXCESSIVE FORCE

26.    Plaintiff hereby realleges by reference and incorporates, as if fully set forth herein, the allegations in Paragraphs 1 through 25, inclusive, above.

27.    Upon information and belief,  the injuries and damages sustained by Plaintiff during the physical altercation were the immediate result of conduct on the part of Defendant's agents, Matthew Vroenen, Capt. Williams, Sgt. Hicks, Edwin Compton, Cpt. Patten, and John Doe 1 and/or John Doe 2 VA Police Officers.

28.    Defendant's agents, VA Police Officers, were acting within the scope of their employment, and under the authority of the United States, when they violated Plaintiff's rights by using excessive force in attempting to unlawfully apprehend him and take him into custody.

29.     As a direct result of the wrongful acts and conduct of Defendant's agents', Plaintiff sustained damages,  the actual amount to be determined at trial.

30.    Upon information and belief, and in the alternative to every allegation

6

in this Complaint inconsistent herewith, such conduct by Defendant's agents, stated above, was intended to be harmful to Plaintiff, and/or was intended to constitute offensive contact with Plaintiff.

31.     Upon information and belief, and in the alternative to every allegation in this Complaint inconsistent herewith, such conduct by Defendant's agents, stated above, constituted the use of more force than was reasonably necessary under the circumstances.

WHEREFORE, for the reasons stated herein, Plaintiff hereby requests that this Court enter its judgment, in favor of Plaintiff and against the United States, for the amount of damages sustained by Plaintiff, including past, current and future medical expenses, emotional distress damages, compensatory damages, non-compensatory damages, attorney fees, costs, expert fees, and for such other and further relief as this Court may deem fair and proper.

### [SECOND CAUSE OF ACTION]
### NEGLIGENCE

Plaintiff hereby adopts the allegations contained in numerical paragraphs one (1) through thirty one (31) as if fully restated herein, and further alleges and states:

32.     Defendant, through its agents, VA Police Officers,  owed Plaintiff a duty regarding the safety and well- being of his person.

33.     Said duty was breached by agents of Defendant while acting in the course of and within the scope of their employment by the VA, and under the authority of the United States.

7

34.   Upon information and belief, and in the alternative to every allegation in this Complaint inconsistent herewith, the injuries and damages sustained by Plaintiff in the physical altercation referred to in Paragraph 12-19 above, was the immediate result of negligent conduct on the part of Defendant's agents, VA Police Officers.

WHEREFORE, for the reasons stated herein, Plaintiff hereby requests that this Court enter its judgment, in favor of Plaintiff and against the United States, for the amount of damages sustained by Plaintiff, including past, current and future medical expenses, emotional distress damages, compensatory damages, non-compensatory damages, attorney fees, costs, expert fees, and for such other and further relief as this Court may deem fair and proper.

**[THIRD CAUSE OF ACTION]**
**[42 U.S.C. §1983- MALICIOUS PROSECUTION-**
**VIOLATION OF FOURTH AMENDMENT]**

Plaintiff hereby adopts the allegations contained in numerical paragraphs one (1) through thirty four (34) as if fully restated herein, and further alleges and states:

35.   Defendant's agents caused criminal charges to be brought against Plaintiff alleging that he violated 18 U.S.C. §111 (a) (1).

36.   Plaintiff was tried by a Jury on the criminal charges which resulted in his acquittal, a not guilty verdict, and exoneration of his bond.

37.   Defendant's agents lacked probable cause to support the criminal charges pursued against Plaintiff, and the same was motivated by malice.

38.     Under the Fourth Amendment, Plaintiff has a right to be free from unreasonable seizures, which is actionable through 42 U.S.C. §1983.

39.     It is a violation of the Fourth Amendment for police officers to knowingly or with reckless disregard for the truth, to make false statements in their police reports and/or affidavits regarding an arrest.

40.     It is a violation of the Fourth Amendment for police officers to knowingly or recklessly omit from their affidavits and/or police reports, information which, if included, would have vitiated probable cause.

41.     It is a violation of the Fourth Amendment for police officers to knowingly or with reckless disregard for the truth, to make false statements in their police reports and/or affidavits regarding an arrest.

42.     Defendant's agents did not make a full and fair disclosure of the events that occurred on May 8, 2018 to the prosecuting attorney for the United States, in pursuing criminal charges against Plaintiff.

43.     Defendant's agents did not honestly seek and act in good faith on advice of the prosecuting attorney in pursuing criminal charges against Plaintiff.

44.     Defendant's agents gave false narratives in their official police reports to justify the filing of criminal charges against Plaintiff.

45.     These false statements and omissions were knowingly made with reckless indifference of the truth.

46.     Defendant's agents, VA Police Officers, knowingly and intentionally omitted relevant and true facts from their official police reports to the prosecuting

attorney regarding the events on May 8, 2018, including  Plaintiff's arrest.

47.     After Plaintiff's arrest and indictment, Defendant's agents, VA Police Officers, continued to exert influence upon the prosecuting attorney to maintain the charges.

48.     Defendant's agents, VA Police Officers' acts constitute "42 U.S.C. §1983 Malicious Prosecution", in violation of the Fourth Amendment. See *Taylor v. Meacham*, 82 F.3d 1556 (10th Cir. 1996.)

**[FOURTH CAUSE OF ACTION]**
**[Tort-Malicious Prosecution**
**As Against VA Police Officers And**
**John Doe Police Officers In Their Individual Capacities]**

Plaintiff hereby adopts the allegations contained in numerical paragraphs one (1) through forty eight (48) as if fully restated herein, and further alleges and states:

49.     Plaintiff brings alternative claims against VA Police Officers and John Doe Officers ("Individual Defendants") in their Individual capacities for the tort of Malicious Prosecution.

50.     On October 2, 2018, ("Individual Defendants") caused criminal charges to be brought against Plaintiff alleging that he violated 18 U.S.C. §111 (a) (1), by way of knowingly false statements, and omissions of truth within their police reports and affidavits.

51.     On December 5, 2018, after being tried by a Jury, Plaintiff's criminal charges resulted in his acquittal, a not guilty verdict, and exoneration of his bond.

52.     Plaintiff's cause of action accrued on December 5, 2018, as the verdict

constituted a successful termination in favor of Plaintiff.

53.     ("Individual Defendants") lacked probable cause to support the criminal charges pursued against Plaintiff, and the same was motivated by malice.

54.     ("Individual Defendants") acts resulted in Plaintiff's injuries and damages.

WHEREFORE, Plaintiff prays for damages from Defendant, United States of America, and individual VA Police Officers, and John Doe Officers, in the amount claimed on the submitted Form 95 ($500,000.00) together with costs and attorney fees herein. Plaintiff also requests all further relief the Court deems just and equitable in the premises.

BENCH TRIAL
STATUTORY ATTORNEY FEE CLAIMED

Respectfully submitted,

s/Cynthia Rowe D'Antonio
Cynthia Rowe D'Antonio  OBA#19652
GREEN JOHNSON MUMINA& D'ANTONIO
400 North Walker Avenue, Suite 100
Oklahoma City, Oklahoma 73102
Telephone:    (405) 488-3800
Facsimile:    (405) 488-3802
Email: cynthia@gjmlawyers.com

ATTORNEY FOR PLAINTIFF
CLARENCE MADISON TYLER

11